UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

DALLAS BUYERS CLUB, LLC,                                        Case No. 3:15-cv-733-AC

                        Plaintiff,                                        OPINION AND ORDER

            v.

DOE-73.25.80.53,

                        Defendant.
_____

ACOSTA, Magistrate Judge:

*Introduction*

Plaintiff Dallas Buyers Club, LLC. ("Dallas"), seeks to strike documents filed by an unidentified and apparently uninterested individual known only as "Bob Smitty" a/k/a "carlisapos@gmail.com" ("Bob"), and sanctions against Bob for his anonymous filings.  The court issued a show cause order directing Bob to appear before the court on September 22, 2015, with documents affirming his identity and relationship to this matter.

Page 1 - OPINION AND ORDER                                        *{SIB}*

Bob did not appear at the hearing.  His identity and interest in this matter remain a mystery.

Accordingly, the court strikes Bob's existing filings and will not accept any future filings from Bob

until he reveals his identity and relationship to the action.  To the extent Dallas is seeking monetary

sanctions, the court defers such request at this time until, if ever, Bob's true identify is established.

*Background*

Dallas initiated this action on April 30, 2015, against a Doe defendant known only through

an Internet Protocol Address ("IPA").  Dallas alleges an individual used the IPA to copy and publish

their motion picture, Dallas Buyers Club (the "Movie"), on April 14, 2014, via a BitTorrent client.

Accordingly, Dallas alleges the defendant willfully infringed its exclusive rights under the Copyright

Act.  Dallas also alleges the conduct of the defendant has and will continue to cause harm to Dallas

unless the infringed activity is enjoined.

On May 1, 2015, the court granted an *ex parte* motion to expedite discovery filed by Dallas

to determine the identity of the account holder assigned the IPA used by the infringer.  On June 4,

2015, Bob, appearing *pro se*,  filed a Motion to Quash or Modify Subpoena indicating his "ISP" had

contacted him regarding a subpoena.  (ECF No. 7.)  Bob requested leave to file the motion without

providing his personal identifying information based on concerns Dallas would issue demand letters

and make persistent phone calls to him if they knew his identity.  Bob referenced the large number

of actions filed by Dallas to protect its copyrights across the country, characterized Dallas's counsel

as "copyright trolls" attempting to "legally extort" money from noninfringers, quoted language from

two Florida court opinions in which the court limited the action to one doe defendant, and attached

as an exhibit a letter discussing an action filed by Dallas in Ohio.  Based on this information, Bob

moved to quash the subpoena.

The court scheduled oral argument on Bob's motion to quash for June 30, 2015, and directed Dallas to serve the order on Bob. (ECF No. 11.) Dallas attempted service by mailing the order to the return address provided by Bob on a envelope sent to Dallas, and at the email "carlisapos@gmail.com". (ECF No. 13.) The mailed order was returned with the notation "No Such Street". On June 24, 2015, Bob informed Dallas by email that he received the email notice of the hearing, and asked Dallas to proceed with the hearing and inform the court he had been served. (ECF No. 14.) Bob did not appear at the June 30, 2015 hearing. The court denied Bob's motion to quash or modify the subpoena at the hearing.

On July 14, 2015, Comcast responded to the subpoena, identifying a single individual as the subscriber assigned the IPA. (ECF No. 17.) Letters mailed by Dallas to the identified subscriber on July 13, 2015, and July 21, 2015, requesting cooperation in identifying the infringer received no response. On July 27, 2015, Dallas sought additional time to identify the infringer. On July 28, 2015, Bob submitted a response to Dallas's motion for extension of time, indicating he had not received any mail, phone calls, or voice messages from Dallas. (ECF No. 22.) Bob asked Dallas to submit the two letters to the court as evidence of their mailing and to allow Bob to confirm they were sent to the right subscriber, and forward the letters to Bob at his email so that he can help track down any possible offenders. Bob also asked the court to deny the request for additional time. The court granted Dallas's motion for extension on time on July 28, 2015. On July 29, 2015, the court granted Dallas's motion for leave to issue a subpoena to the non-party subscriber identified by Comcast to depose the subscriber on matters related to access to, and use of, the IPA.

On August 20, 2015, Dallas filed a motion for order to show cause asking the court to order Bob to appear at a hearing and show cause why his anonymous filings should not be stricken from

the record and why Bob should not be sanctioned.  In the motion, Dallas represents the identified

subscriber to the IPA has moved and Dallas has no current address or contact information for the

subscriber.  Dallas also represents, based on information received from Comcast, Bob "is not

affiliated with this case in any way, has provided a false name, and has provided false addresses."

 (Mot. for Order to Show Cause at 2.)

### Legal Standard

Rule 11 of the Federal Rules of Civil Procedures provides:

> Every pleading, written motion, and other paper must be signed by at least one
> attorney of record in the attorney's name – or by a party personally if the party is
> unrepresented.  The paper must state the signer's address, e-mail address, and
> telephone number.  Unless a rule or statute specifically states otherwise, a pleading
> need not be verified or accompanied by an affidavit.  The court must strike an
> unsigned paper unless the omission is promptly corrected after being called to the
> attorney's or party's attention.

FED. R. CIV. P. 11(a) (2015).

### Discussion

Dallas asks the court to strike Bob's filings based on lack of standing and his failure to

identify himself in his pleadings.   Bob filed two documents in this action: a motion to quash and

opposition to Dallas's motion for extension of time.  Under Rule 11(a), the documents must be

signed by Bob, who is unrepresented, and must contain his address, email address, and telephone.

They do not.   In both documents, Bob identified himself only as "DOE-73.25.80.53, *Pro se*" and

provided an email address.  Bob did not sign the filed documents and did not provide his address or

phone number.  The documents are clearly in violation of Rule 11(a).

Rule 11(a) specifically requires the court to "strike an unsigned paper unless the omission

is promptly corrected after being called to the attorney's or party's attention."  While this omission

has not been previously brought to Bob's attention, Bob's adamant refusal to identify himself or provide any identifying information, and his failure to appear at the show cause hearing, makes it unlikely Bob would willingly provide his name by signing the documents promptly upon notice of the omission.[1]

Additionally, Local Rule 83-10 provides, in pertinent part, that "every unrepresented party, has a continuing responsibility to notify the Clerk's office whenever his or her mailing address, telephone number, and/or business email addresses changes." This local rule, read in conjunction with Rule 11(a), establishes a continuing obligation on any filer to provide the court with a current mailing address, email address, and telephone number. Bob has failed to provide the court with any mailing address or telephone number.

The court reads Rule 11(a) and Local Rule 83-10 to apply to parties participating in the action through the filing of documents, as well as the parties named in the caption. However, even if the rules applied only to named parties, Bob identified himself as "DOE-73.25.80.53," the named defendant in the caption, and, therefore, could be viewed as a named party.[2]

Bob is in violation of Rule 11(a) and Local Rule 83-10. Had Bob attended the show cause hearing, he would have had the opportunity to remedy these violations or show cause why he should be excused from the requirements of Rule 11(a) and Local Rule 83-10. Bob's filings must be stricken.

---

[1]Local Rule 11(b) and (c) require the typed name of the signator, which would clearly identify Bob even if his signature was illegible.

[2]In this context, Bob would have standing to object to the Comcast subpoena and Dallas's motion for extension of time, defeating Dallas's lack of standing argument.

Dallas asks the court to assess appropriate sanctions against Bob but do not identify the sanctions they seek.  At this time, the court finds it appropriate to sanction Bob by prohibiting him from filing documents in the future that do not comply with Rule 11(a) and notifies Bob that any future filing in this case in violation of the court's order will subject Bob to further sanctions, including contempt.  To the extent Dallas seeks monetary sanctions, the court defers ruling on that request until such time, if any, as Bob's identity is established.

*Conclusion*

Dallas's request to strike Bob's filings is GRANTED.  Any future filings by Bob must comply with Rule 11(a).

DATED this 22nd day of September, 2015.


_____/s/ John V. Acosta_____
JOHN V. ACOSTA
United States Magistrate Judge